IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTION LAMOND KNOX, )
 )
      Petitioner, )
 )
v. ) Case No. CIV-10-1181-W
 )
RANDALL G. WORKMAN, )
 )
      Respondent. )

## REPORT AND RECOMMENDATION
## ON THE ISSUE OF TIMELINESS

Mr. Antion Knox seeks habeas relief and an evidentiary hearing in connection with a conviction on three charges, and the Respondent moves for dismissal on grounds of timeliness. The Court should grant the motion to dismiss and deny the Petitioner's request for an evidentiary hearing.

### Background

A jury found Mr. Knox guilty of possession of a firearm after a former felony conviction ("AFCF") and the state district court entered judgment.[1] The court subsequently entered a guilty plea conviction for attempted robbery with a firearm AFCF and pointing a firearm at another AFCF. *See* Petition at p. 1; *see also* Plea of Guilty Summary of Facts at

---

[1] *See* Petition Under "28 U.S.C. § 2253" [and] 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody at p. 1 (Nov. 3, 2010) ("Petition"); *see also Knox v. State*, Case No. F-97-953, slip op. at 1 (Okla. Crim. App. Oct. 9, 1998).

pp. 1-4, *Knox v. State*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. July 1, 1997). Mr. Knox was sentenced on all charges on July 1, 1997. *See* Petition at p. 1.

The Petitioner appealed the jury trial conviction, and the Oklahoma Court of Criminal Appeals affirmed on October 9, 1998. *See Knox v. State*, Case No. F-97-953 (Okla. Crim. App. Oct. 9, 1998).

Rather than appeal the guilty plea conviction, Mr. Knox sought post-conviction relief on October 28, 1997. Petition at p. 3; *see also* Order Denying Application for Post Conviction Relief at p. 2, *Knox v. State*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. Jan. 21, 1998).[2] The state district court denied relief on January 21, 1998,[3] and Mr. Knox did not appeal.

On June 3, 2010, Mr. Knox again filed an application for post-conviction relief to challenge the conviction on each charge.[4] Relief was denied in the state district and appellate courts.[5]

---

[2] The habeas record does not include the post-conviction application that was denied on January 21, 1998.

[3] *See* Petition at p. 3; *see also* Order Denying Application for Post Conviction Relief at pp. 4-5, *Knox v. State*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. Jan. 21, 1998).

[4] Petition at p. 3; *see also* Application for Post-Conviction Relief, *Knox v. State*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. June 3, 2010); Application for Appeal Out of Time Pursuant to Rule 2.1(E) Rules of the Court of Criminal Appeals Etc. at p. 1, *Knox v. State*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. June 3, 2010).

[5] Order Denying Second Application for Post-Conviction Relief at pp. 1-3, *Knox v. State*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. Aug. 13, 2010); Order Affirming Denial of Subsequent Application for Post-Conviction Relief, *Knox v. State*, Case No. PC-2010-823 (Okla. Crim. App. Oct. 26, 2010).

Mr. Knox filed the present habeas petition on November 1, 2010.[6]

## Standard for Dismissal

Federal statutes do not address the standard for dismissal in habeas proceedings. Thus, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(4) (2011).

The Respondent does not invoke a particular rule, but generally argues that the petition is out-of-time. *See* Brief in Support of Motion to Dismiss Time Barred Petition, *passim* (Nov. 23, 2010). Because the Respondent had relied on allegations in the habeas petition, the argument implicates Federal Rule of Civil Procedure 12(b)(6).[7] Under this rule, the Court must dismiss the petition when it fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In applying this standard, the Court assumes the truth of all factual allegations in the petition[8] and construes them in the light most favorable to Mr. Knox. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

---

[6] The petition is deemed "filed" when Mr. Knox had given it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). The Petitioner verifies that date as November 1, 2010. *See* Petition at p. 23.

[7] *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (holding that a motion to dismiss in a habeas proceeding arises under Fed. R. Civ. P. 12(b)(6)); *see also Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005) ("In section 2254 proceedings, the state's . . . motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6)." (citations omitted)).

[8] These allegations include the documents attached to the habeas petition. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (holding that district court properly considered exhibits attached to the plaintiff's complaint when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

The motion to dismiss is based on the statute of limitations, which constitutes an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Nonetheless, "[i]f the allegations [in the petition] . . . show that relief is barred by the applicable statute of limitations, the [petition] is subject to dismissal for failure to state a claim . . . ."[9] On this issue, the Petitioner bears the burden to establish "a factual basis for tolling" "when the dates given in the [petition] make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).

Timeliness of the Present Action

The allegations in the petition clearly reflect that the claims are untimely, and Mr. Knox has not established valid grounds for tolling.

I. The Limitations Period

The limitations period is one year and begins when the conviction became final on direct review. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A) (2006).

II. Dates that the Conviction Became Final

The underlying conviction became final in 1997 and 1999.

---

[9] *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

A.     Possession of a Firearm AFCF

As noted above, the state district court convicted the Petitioner pursuant to a jury verdict on a charge involving possession of a firearm AFCF, and the state appeals court affirmed on October 9, 1998. *See supra* pp. 1-2. He then had 90 days for a *certiorari* petition to the United States Supreme Court. *See* 28 U.S.C. § 2101(c) (1994); 28 U.S.C. - Appendix, Rule 13.1, Rules of the Supreme Court of the United States (1998 supp.). The 90th day fell on January 7, 1999. Thus, without tolling, the limitations period would have expired on January 7, 2000, for the possession charge.

B.     Attempted Robbery with a Firearm AFCF and Pointing a Firearm at Another AFCF

Mr. Knox was convicted on July 1, 1997, on the charges involving attempted robbery with a firearm AFCF and pointing a firearm at another AFCF. *See supra* pp. 1-2. Mr. Knox then had ten days to file a motion to withdraw the guilty plea. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (1997). Because the Petitioner did not move for withdrawal of the plea or seek *certiorari* within that time-period, the conviction became

"final" under Section 2244(d)(1)(A)[10] on July 11, 1997.[11] Thus, the one-year limitations period would have expired on July 13, 1998, without tolling.[12]

III.   The Unavailability of Equitable Tolling

Liberally construed, the habeas petition might suggest equitable tolling based on a lack of trial transcripts, ignorance of the law, and actual innocence. *See* Petition at pp. 18, 22; Petitioner's Reply at pp. 5, 9-11. The Court should reject these arguments.

   A.   Test for Equitable Tolling

The limitations period may be tolled for equitable reasons in appropriate cases. *See Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling is available only when an extraordinary circumstance stood in the petitioner's way and

---

[10]   In his reply, Mr. Knox alleges that he did not learn of the guilty plea until he had been at "L.A.R.C" for two months and that the discovery led him to seek disqualification of his attorney. Petitioner's Reply Response to States [sic] Response to Habeas Corpus at p. 3 (Dec. 1, 2010) ("Petitioner's Reply"). The motion to disqualify was filed on September 9, 1997. *See* Docket Sheet at p. 17, *State v. Knox*, Case No. CF-95-1195 (Okla. Co. Dist. Ct.).

The Court could arguably conclude that the conviction did not become "final" until Mr. Knox discovered the entry of a guilty plea conviction. *See* 28 U.S.C. § 2244(d)(1)(D) (2006). Even if that discovery had not occurred until 1997, the limitations period would have expired more than eleven years before the filing of the habeas petition. As a result, the Court need not decide whether the limitations period was extended by Mr. Knox's alleged ignorance about the guilty plea until 1997.

[11]   *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal).

[12]   Without tolling, the one-year period would have expired on July 11, 1998. Because that day was a Saturday, Mr. Knox automatically had until the following Monday (July 13, 1998) to file a federal habeas petition. *See* Fed. R. Civ. P. 6(a) (1998).

prevented timely filing[13] or when "a constitutional violation ha[d] resulted in the conviction of one who is actually innocent."[14]

B. <u>Lack of Trial Transcripts and Ignorance of the Law</u>

As a matter of law, equitable tolling is not available based on the lack of trial transcripts[15] or ignorance of the law.[16]

C. <u>Actual Innocence</u>

A claim of actual innocence could arguably justify equitable tolling. *See supra* pp. 6-7. But to qualify, Mr. Knox had to support his claim with "new reliable evidence-whether it [was] exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that [had not been] presented at trial," and "show that it [was] more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).[17] The Petitioner has not met this burden.

---

[13] *See Lawrence v. Florida*, 549 U.S. 327 (2007).

[14] *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[15] *See Heinemann v. Murphy*, 2010 WL 3965925, Westlaw op. at 7 (10th Cir. Oct. 12, 2010) (unpublished op.) (collecting circuit cases which have held that unavailability of a transcript does not warrant equitable tolling); *Carey v. Jones*, 2007 WL 1464252, Westlaw op. at 2 (10th Cir. May 21, 2007) (unpublished op.) ("Reasonable jurists would agree that the district court was correct when it concluded that an 'inmate's lack of state court records does not justify equitable tolling.'" (citation omitted)).

[16] *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling is not justified by the prisoner's ignorance of the law).

[17] *Schlup v. Delo* involved an issue of actual innocence to avoid a procedural default rather than a time-bar. *See Schlup v. Delo*, 513 U.S. at 314-15. In this circuit, however, courts also apply the *Schlup* test when a habeas petitioner alleges actual innocence to avoid a time-bar rather than a

7

Possession of a Firearm AFCF

For the conviction involving possession of a firearm AFCF, Mr. Knox alleges that officials took his blood sample so that it could be compared to hairs found on the "stocking cap, bandanna, gloves [and] coat." Petitioner's Reply at pp. 4-5. The Petitioner claims that the trial judge withheld this "DNA" evidence, which Mr. Knox believes would prove his "actual innocence." *Id.*

This theory is mired in speculation and does not justify equitable tolling. For example, Mr. Knox presents no evidence that officials actually found hair samples or performed DNA testing on his blood sample. He also fails to provide any evidence showing the results of that test. The absence of actual evidence is fatal to his argument for equitable tolling.[18]

Indeed, even if such tests had taken place with the imagined results, Mr. Knox has not explained how the alleged DNA evidence would have shown innocence on the gun-possession charge. Without further explanation, the Petitioner cannot overcome the time-bar based on equitable tolling.

---

procedural default. *See Lopez v. Trani*, __ F.3d __, 2010 WL 4923891, Westlaw op. at 2-3 (10th Cir. Dec. 6, 2010).

[18] *See O'Boyle v. Ortiz*, 242 Fed. Appx. 529, 531 (10th Cir. July 23, 2007) (unpublished op.) (rejecting the petitioner's theory of actual innocence because his "'new' evidence" actually involved "speculation about what *might* be shown *if* certain tests [had been] performed on physical evidence" and such "speculation [was] insufficient to meet the heavy burden to produce 'new evidence'" for equitable tolling (emphasis in original)); *see also Murray v. Bruce*, 191 Fed. Appx. 688, 689 (10th Cir. Aug. 7, 2006) (unpublished op.) (concluding that equitable tolling was unavailable based on the petitioner's unsubstantiated claim that officials had withheld exculpatory evidence).

Attempted Robbery with a Firearm AFCF and Pointing a Firearm at Another AFCF

Mr. Knox claims that an impostor had pled guilty to attempted robbery AFCF and pointing a firearm at another AFCF. Petition at p. 10; Petitioner's Reply at p. 3. This allegation does not justify equitable tolling.

"[Mr. Knox's] claim that his guilty plea was involuntary does not assert that he did not commit the crime[s] . . . ." *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007). Although Mr. Knox strongly denies that he had entered a guilty plea, he does not deny that he had attempted robbery with a firearm or had pointed a gun at another. Consequently, Mr. Knox has not demonstrated actual innocence on the charges.

IV. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2) (2006). To invoke this form of tolling, however, the person must seek post-conviction relief before the end of the limitations period.[19]

---

[19] *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

A. Possession of a Firearm AFCF

Mr. Knox waited until June 3, 2010, to seek post-conviction relief on the conviction for possession of a firearm. *See supra* p. 2.[20] By this time, the limitations period would already have expired. *See id.* at p. 5. Thus, statutory tolling is unavailable for this claim.

B. Attempted Robbery With a Firearm AFCF and Pointing a Firearm at Another AFCF

For the other two charges, Mr. Knox is entitled to statutory tolling from October 28, 1997, to February 20, 1998.

The Petitioner filed his first application for post-conviction relief on October 28, 1997. *See supra* p. 2. The state district court denied relief on January 21, 1998. *See supra* p. 2. Although Mr. Knox did not appeal, he is entitled to tolling for the 30 days in which he could have perfected an appeal.[21] Thus, the tolling ended on the 30th day after the district court's

---

[20] In 2006 and 2010, the Petitioner was denied modification of his sentences. *See* Order Denying Application for Modification of Sentence Without the Necessity of Hearing, *State v. Knox*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. Mar. 27, 2006); Order Denying Application for Modification of Sentence Without the Necessity of Hearing, *State v. Knox*, Case No. CF-95-1195 (Okla. Co. Dist. Ct. May 27, 2010). Even if these motions had been filed while the limitations period was running, they would not have contributed to statutory tolling. *See Bohon v. Oklahoma*, 313 Fed. Appx. 82, 84 n.1 (10th Cir. Apr. 3, 2008) (unpublished op.) (stating that motions under Okla. Stat. tit. 22 § 982a for sentence modification "do not toll the limitations period" because they do not constitute "application[s] for post-conviction relief" (citations omitted)); *Nicholson v. Higgins*, 147 Fed. Appx. 7, 8 n.2 (10th Cir. Aug. 2, 2005) (unpublished op.) (holding that motions for judicial review under Okla. Stat. tit. 22 § 982a "do not constitute post-conviction proceedings for purposes of tolling the AEDPA limitations period").

[21] *See* Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals (1998) (giving a petitioner 30 days in which to file a petition in error and a brief when appealing the denial of an application for post-conviction relief); *see also Gibson v. Klinger*, 232 F.3d 799, 803-804 (10th Cir. 2000) (stating that the petitioner is entitled to statutory tolling for the 30 days in which he could have appealed the denial of post-conviction relief).

ruling: February 20, 1998. With the end of tolling on February 20, 1998, the limitations period would have ended 258 days later: November 5, 1998.

The Petitioner waited over eleven years after this date to again seek post-conviction relief (June 3, 2010).[22] *See supra* p. 2. Because the limitations period would already have expired in the absence of equitable tolling, Mr. Knox is not entitled to any statutory tolling related to the second application for post-conviction relief. *See id.* pp. 5-6 (citing *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001)).

V. <u>Summary</u>

For the claims involving the conviction for attempted robbery with a firearm AFCF and pointing a firearm at another AFCF, the limitations period expired on November 5, 1998. *See supra* pp. 10-11. For the claims related to the conviction for possession of a firearm AFCF, the limitations period expired on January 7, 2000. *See id.* p. 5. The habeas petition on November 1, 2010,[23] was over a decade late on all of the charges. Consequently, the Court should grant the Respondent's motion to dismiss.

---

[22] As explained above, Mr. Knox's motions for sentence modification do not justify statutory tolling. *See supra* p. 10 n. 20.

[23] *See supra* p. 3 & note 6.

The Petitioner's Request for an Evidentiary Hearing

Mr. Knox requests an evidentiary hearing to "explore material issues of fact" and address the merits of his habeas claims. Motion for Request for Evidentiary Hearing on Habeas Corpus, Pursuant to Rule 8, 28 U.S.C.A. [ ] Sec 2254 at pp. 1-4 (Nov. 3, 2010). He also wishes to discover the reasons for the blood test and possible DNA testing results. *See* Motion for a Brady Evidentiary Hearing, Etc. at p. 2 (Dec. 1, 2010).[24] The Court should deny the request for an evidentiary hearing.

I.  Discovery of Evidence Involving Actual Innocence

In part, Mr. Knox requests an evidentiary hearing to find and develop evidence of actual innocence for purposes of equitable tolling. "'The purpose of an evidentiary hearing,' however, 'is to resolve conflicting evidence.'" *Hooks v. Workman*, 606 F.3d 715, 731 n.14 (10th Cir. 2010) (citation omitted). "[W]here the purpose is to discover evidence . . . the appropriate course is to employ Rules 6 and 7 [of the Federal Rules of Habeas Relief], rather than to request an evidentiary hearing." *Id.*

The Petitioner does not wish to present conflicting evidence in the form of a DNA test. Instead, he wishes to find conflicting evidence in the form of a DNA test. Under these circumstances, the Court should deny his request for an evidentiary hearing.

---

[24] For all persons incarcerated since July 2, 1996, under the custody of the Oklahoma Department of Corrections, state law requires the taking of "a blood or saliva sample prior to release." *See* Okla. Stat. tit. 22 § 991a(I) (2001).

Even if the Court were to recharacterize the motion, Mr. Knox had not shown good cause for discovery.[25] Mr. Knox is only speculating about the detection of hair samples, a DNA test, and withholding of exonerating results. The Court should decline discovery to engage in this sort of fishing expedition.[26]

II.     Allegation of Secret Meetings Between the Judge and Jury

In his third habeas claim, Mr. Knox alleges that the trial judge "had . . . a talk with the jury to convict" on the possession charge. Petition at p. 9. In his reply brief, the Petitioner states that he is requesting the evidentiary hearing to elicit testimony about the "secret meeting" between the judge and jury. Petitioner's Reply at pp. 6-7. But expiration of the limitations period would have required dismissal even if the alleged meeting had taken place between the judge and jury. As a result, an evidentiary hearing for this purpose would be futile.[27]

---

[25]     *See* Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts (2011) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.").

[26]     *See Strickler v. Greene*, 527 U.S. 263, 286 (1999) ("Mere speculation that some exculpatory material may have been withheld is unlikely to establish good cause for a discovery request on collateral review."); *see also Van Dusen v. Mullin*, 2006 WL 3693368, Westlaw op. at 1, 12 (W.D. Okla. Dec. 14, 2006) (unpublished op.) (denying the petitioner's request for discovery because the stated purpose had rested on speculation), *appeal dismissed*, 242 Fed. Appx. 562 (10th Cir. July 27, 2007) (unpublished op.).

[27]     *See Broadus v. Jones*, 390 Fed. Appx. 804, 807 (10th Cir. Aug. 12, 2010) (unpublished op.) (stating that the court had no need to consider a "merits-based request for an evidentiary hearing" because the habeas claim was time-barred).

<u>Notice of the Right to Object</u>

The parties can object to the present report and recommendation.

Any such objection must be filed with the Clerk of this Court by January 31, 2011. *See* Fed. R. Civ. P. 6(d), 72(b)(2) (2010); 28 U.S.C.A. § 636(b)(1) (2010 supp.). The failure to timely object would foreclose appellate review of the suggested ruling.[28]

<u>Status of the Referral</u>

The present report serves to discharge the existing referral.

Entered this 14th day of January, 2011.

*[Signature: Robert E. Bacharach]*
Robert E. Bacharach
United States Magistrate Judge

---

[28] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").