IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

FEB 1 1 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

ANTION LAMOND KNOX, )
)
    Petitioner, )
)
vs. ) No. CIV-10-1181-W
)
RANDALL G. WORKMAN, )
)
    Respondent. )

## ORDER

On January 14, 2011, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent Randall G. Workman be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Antion Lamond Knox be dismissed as time-barred. Knox was advised of his right to object, and the matter now comes before the Court on Knox's Emergency Objection to U.S. Magistrate's Report and Recommendation. See Doc. 19.

Upon de novo review of the record, the Court concurs with Magistrate Judge Bacharach's suggested disposition of Workman's Motion to Dismiss and agrees that dismissal of this matter is warranted because Knox's Petition was untimely filed.

In June 1997, Knox was convicted by a jury in the District Court for Oklahoma County, Oklahoma, of possession of a firearm, after former conviction of a felony ("AFCF"). State v. Knox, No. CF-1995-1195. Pursuant to the jury's recommendation, Knox was sentenced to a term of imprisonment of twenty (20) years.

On July 1, 1997, Knox entered a plea of guilty to one count of attempted robbery with a firearm, AFCF, and to one count of pointing a firearm at another, AFCF. State v. Knox, No. CF-1995-1195. Knox was sentenced on each of these two charges to a term of imprisonment of twenty (20) years, to be served concurrently, but consecutively to the previously imposed twenty-year sentence

Knox appealed his conviction on the charge of possession of a firearm, AFCF. On October 9, 1998, the Oklahoma Court of Criminal Appeals issued a Summary Opinion and affirmed. Knox v. State, No. F-97-953 (Okla. Crim. October 9, 1998).

Knox did not appeal his convictions on the charges of attempted robbery with a firearm, AFCF, and pointing a firearm at another, AFCF. He instead filed an Application for Post-Conviction Relief in October 1997; the state district court denied the application on January 21, 1998. Knox v. State, No. CF-95-1195 (January 21, 1998). No appeal from that denial was taken.

On June 3, 2010, Knox again sought post-conviction relief, and he challenged his conviction on each of the three (3) charges. The state district court denied his application, Knox v. State, No. CF-95-1195 (August 13, 2010), and the state appellate court affirmed. Knox v. State, No. PC-2010-823 (Okla. Crim. October 26, 2010).

The instant Petition filed by Knox is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1). The one-year period begins to run when the challenged conviction becomes "final" on direct review.

Knox's conviction for possession of a firearm, AFCF, became final on January 7, 1999.[1] The limitations period for that conviction therefore expired on January 7, 2000.

Knox's convictions for attempted robbery with a firearm, AFCF, and for pointing a firearm at another, AFCF, became final on July 11, 1997.[2] The applicable one-year period on each of these convictions expired on July 11, 1998.[3]

The instant Petition is deemed filed November 1, 2010. Knox's challenges as asserted therein to all of these convictions are therefore time-barred unless Knox can establish that the limitations period has been tolled, statutorily or equitably.

In reviewing Knox's submissions, the Court finds that Knox has failed to demonstrate that he is entitled to statutory tolling in connection with his conviction for possession of a firearm, AFCF. E.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted).

As to his other two convictions, attempted robbery with a firearm, AFCF, and pointing a firearm at another, AFCF, the Court finds that Knox is entitled to statutory tolling

---

[1] As stated, the Oklahoma Court of Criminal Appeals affirmed Knox's conviction on this charge on October 9, 1998. Knox had ninety (90) days to file a petition for writ of certiorari in the United States Supreme Court, which he did not do.

[2] Knox had ten (10) days to withdraw his pleas of guilty. See Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (defendant must file application to withdraw plea within ten (10) days from date of pronouncement of judgment and sentence). Knox did not move to withdraw his plea to either charge within the allotted time.

[3] Because July 11, 1998, was a Saturday, Knox had until Monday, July 13, 1998, to file a petition seeking federal habeas relief. E.g., Rule 6(a), F.R.Civ.P.

3

from October 28, 1998, to February 20, 1998. Thus, the limitations period did not end until November 5, 1998.[4]

Because Knox's Petition was not filed before these limitations periods expired, it is time-barred unless Knox can demonstrate his entitlement to equitable tolling. As the party seeking equitable tolling, Knox must either establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007))(footnote omitted), or "that a constitutional violation has resulted in the conviction of one who is actually innocent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(citations omitted).

The record is clear that no extraordinary circumstances have been advanced that would excuse Knox's untimeliness in filing the instant action. Likewise, Knox has failed to demonstrate actual innocence on any of these charges that would justify equitable tolling in this matter.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 18] filed on January 14, 2011;

(2) GRANTS Workman's Motion to Dismiss [Doc. 10] filed on November 23, 2010;

(3) DENIES Knox's Motion for Evidentiary Hearing [Doc. 4] file-stamped November 3, 2010, and his Motion for a Brady Evidentiary Hearing [Doc. 17] file-stamped December 1, 2010; and

---

[4] Knox filed his application seeking post-conviction relief on October 28, 1997. The Oklahoma Court of Criminal Appeals denied relief on January 21, 1998. Knox is entitled to tolling for the thirty (30) day period in which he could have perfected an appeal.

(4) DISMISSES Knox's Petition with prejudice.

ENTERED this 11th day of February, 2011.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE